Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000332
31-MAY-2018
08:04 AM

NO. CAAP-17-0000332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DYLAN R. TRUMPY, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 16-1-0004K (CR. NO. 12-1-028K))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Petitioner-Appellant Dylan R. Trumpy (Trumpy) appeals
from the "Order Denying Rule 40 Petition Filed July 11, 2016,"
filed on March 17, 2017, in the Circuit Court of the Third
Circuit (Circuit Court).[1]

On August 15, 2012, Trumpy entered a guilty plea for
Terroristic Threatening in the First Degree and Assault in the
Third Degree and requested a deferred acceptance of guilty plea,
contemporaneously with a withdrawal of all of his pretrial
motions, including any motions relating to delay of discovery
process. On October 17, 2012, the Circuit Court granted Trumpy's
request for a deferred acceptance of guilty plea and sentenced
Trumpy to one year incarceration, three days credit for time
served, with all but sixty days suspended, and a five year
deferral period.

On June 20, 2014, Trumpy filed a Petition to Vacate,
Set Aside, or Correct Judgment or to Release Petitioner for [sic]

---

[1] The Honorable Ronald Ibarra presided.

Custody (First Rule 40 Petition), pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP). The Circuit Court denied Trumpy's First Rule 40 Petition without a hearing. On October 9, 2015, Trumpy filed a non-conforming Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody (Second Rule 40 Petition), pursuant to HRPP Rule 40. The Circuit Court denied Trumpy's Second Rule 40 Petition without a hearing.

On July 11, 2016, Trumpy filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Third Rule 40 Petition), pursuant to HRPP Rule 40. Trumpy claimed "(1) his confession was coerced, (2) the prosecution failed to disclose to the defendant evidence favorable to the defendant, (3) his plea of guilty was unlawfully induced or not made knowingly, intelligently, or voluntarily or with an understanding of the nature of the charges and the consequences of the plea, and (4) he was the subject of prosecutorial misconduct," because police report no. C11033877 (Police Report) was hidden from him until July 21, 2015.

After a hearing on the Third Rule 40 Petition, on March 17, 2017, the Circuit Court entered its "Order Denying Rule 40 Petition Filed July 11, 2016," concluding that Trumpy "failed to raise a colorable claim as the allegations and arguments raised have no merit in that Defendant is arguing he was prejudiced by failing to have a document disclosed which he drafted himself."

On appeal, Trumpy contends that the Circuit Court erred when it denied Trumpy's Third Rule 40 Petition and held that there was no colorable claim for post-conviction relief based on a claim of newly acquired evidence relating to discoverable documents authored by the defendant. Trumpy argues that he had obtained a copy of the Police Report, which he had previously requested during discovery prior to trial but which was not produced, and that it provides factual support for a colorable claim that he did not knowingly and voluntarily enter into his guilty plea.

Upon careful review of the record and the briefs

2

submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Trumpy's point of error as follows, and affirm.

The Circuit Court did not err by denying Trumpy's Third Rule 40 Petition because relief pursuant to HRPP Rule 40(a) is not available due to Trumpy's deferred acceptance of guilty plea. HRPP Rule 40(a) expressly states that proceedings under the rule "shall be applicable to judgments of conviction and to custody based on judgments of conviction[.]" If a motion to defer acceptance of guilty plea is granted, acceptance of the plea is then deferred. State v. Kealaiki, 95 Hawai'i 309, 315, 22 P.3d 588, 594 (2001). "There is no conviction when the acceptance of a guilty plea is deferred." State v. Putnam, 93 Hawai'i 362, 367, 3 P.3d 1239, 1244 (2000) (internal quotation marks omitted). See also State v. Oshiro, 69 Haw. 438, 442, 746 P.2d 568, 570 (1987) (deferred acceptance of no contest plea is not a conviction nor a sentence). Here, the Circuit Court granted Trumpy's request for a deferred acceptance of guilty plea and deferred the proceedings for a period of five years subject to various terms and conditions. Upon completion of the deferral period and submission of a motion, if the court finds that Trumpy had complied with all the terms and conditions, the case would be dismissed without a conviction.

During the five year deferral period, Trumpy filed three HRPP Rule 40 Petitions, all of which were denied, the last of which is the subject of this appeal. Pursuant to HRPP Rule 40, a petitioner may institute an HRPP Rule 40 post-conviction proceeding to seek relief from a judgment of conviction or custody based on a judgment of conviction under certain circumstances. Because Trumpy was granted a deferred acceptance of guilty plea, there is currently no judgment of conviction in Trumpy's underlying case. Without a judgment of conviction, Trumpy may not initiate a post-conviction proceeding, pursuant to Rule 40.

Furthermore, even assuming arguendo that Trumpy is entitled to initiate a post-conviction relief proceeding, pursuant to HRPP Rule 40, relief "shall not be granted where the

issues sought to be raised have been previously ruled upon or were waived." HRPP Rule 40(a)(3). Here, the issues that Trumpy raises on appeal from the denial of the Third Rule 40 Petition were previously raised and ruled upon in his prior HRPP Rule 40 petitions, both of which he did not appeal. Trumpy did not rebut the presumption that his failure to appeal the denials of his prior HRPP Rule 40 petitions were a "knowing and understanding failure" and Trumpy failed to prove the existence of extraordinary circumstances to justify his failure to raise the issues. HRPP Rule 40(a)(3).[2] Therefore, the Circuit Court did not err when it denied Trumpy's Third Rule 40 Petition.

THEREFORE, IT IS HEREBY ORDERED that the "Order Denying Rule 40 Petition Filed July 11, 2016," filed on March 17, 2017, in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, May 31, 2018.

On the briefs:

John Knoebber,
for Petitioner-Appellant.

Mitchell D. Roth,
Prosecuting Attorney, and
David Blancett-Maddock,
Deputy Prosecuting Attorney,
County of Hawaiʻi
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[2] HRPP Rule 40(a)(3) states:

> (3) *Inapplicability.* Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

4